J-E04002-24                    2025 PA Super 138

| | | |
|---|---|---|
| ANN MARIE SWATT, PERSONAL REPRESENTATIVE OF THE ESTATE OF MADLYN BLUSIUS | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : | |
| | : : | No. 1506 MDA 2021 |
| NOTTINGHAM VILLAGE; NOTTINGHAM MANAGEMENT, LLC; NOTTINGHAM VILLAGE RETIREMENT CENTER, LLC; NOTTINGHAM VILLAGE HEALTHCARE SERVICES, INC.; LEEDS HEALTHCARE SERVICES, INC.; SYNERGY GRANDVIEW PHARMACY, LLC AND FREDERICK KESSLER | : : : : : : : : : | |

Appeal from the Order Entered October 12, 2021
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2014-00830

| | | |
|---|---|---|
| JANICE HAWBAKER, ESQ., EXECUTRIX OF THE ESTATE OF MADLYN BLUSIUS | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| NOTTINGHAM VILLAGE; NOTTINGHAM MANAGEMENT, LLC; NOTTINGHAM VILLAGE RETIREMENT CENTER, LLC; NOTTINGHAM VILLAGE HEALTHCARE SERVICES, INC.; AND LEEDS HEALTHCARE SERVICES, INC. | : : : : : : : : : | No. 1507 MDA 2021 |
| APPEAL OF:  ANN MARIE SWATT, PERSONAL REPRESENTATIVE OF THE ESTATE OF MADLYN BLUSIUS | : : : | |

J-E04002-24

Appeal from the Order Dated October 12, 2021
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2014-00005


BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., STABILE, J., DUBOW, J.,
         KUNSELMAN, J., MURRAY, J., KING, J., SULLIVAN, J., and BECK, J.

CONCURRING/DISSENTING OPINION BY KING, J.:      **FILED: JULY 2, 2025**

I agree with the Majority to quash the appeal at 1507 MDA 2021, concerning the ***Hawbaker*** docket, as premature.  As well, I agree with the Majority's waiver analysis concerning Appellant's challenge to the grant of judgment on the pleadings to the Pharmacy.  I further agree with the Majority that the trial court properly granted summary judgment to the Nursing Home concerning the tort claims, based on the statute of limitations.

Like Judge Stabile, I also concur in the result reached by the Majority as to the contract claims that are premised upon the breach of express contractual undertakings.  As such, I agree with the Majority that those contract claims survive the Nursing Home's motion for summary judgment. Nevertheless, I too, disagree with the Majority to the extent it holds that the breach of only implied contractual duties may be sufficient for a breach of contract action.  On this point, I agree with the rationale set forth in Judge Stabile's concurring/dissenting opinion throughout the section titled "I. Gist of the action."

I part ways from Judge Stabile's concurring/dissenting opinion concerning his analysis of the relation back doctrine.  While I agree with President Judge Lazarus and Judge Stabile's conclusion that the relation back

- 2 -

doctrine does not save Elizabeth's survival action, I cannot agree with the rationale set forth by Judge Stabile concerning this doctrine. Judge Stabile states that the doctrine applies when, before the statute of limitations expires, the plaintiff files a civil complaint or writ of summons identifying herself as personal representative **and** petitions for appointment as personal representative of the decedent's estate. According to Judge Stabile, the failure to perform either of these steps within the statute of limitations renders the action a legal nullity. This statement is at odds with this Court's recent decision in ***Edwards v. Norfolk Southern Railway Company***, 2025 PA Super 103 (Pa.Super. filed May 13, 2025) (*en banc*)[1] (holding plaintiff's failure to seek appointment as personal representative before statute of limitations ran did not compel dismissal of complaint where plaintiff was named executor and averred that she was personal representative of decedent's estate in timely-filed complaint).

Nevertheless, I agree with the rationale set forth in the concurring opinion of President Judge Lazarus as to why the relation back doctrine is inapplicable here based on the actions taken by Elizabeth's counsel in filing the May 13, 2014 complaint.

---

[1] I acknowledge that Judge Stabile authored a dissenting opinion in ***Edwards***, to which Judge Sullivan concurred in the result.